IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHARLES ALEXANDER WARFIELD, IV,                    Civ. No. 6:26-cv-00815-AA

               Plaintiff,                    **OPINION & ORDER**

     v.

CITY OF EUGENE; CITY OF SPRINGFIELD;
LANE COUNTY; MELISSA FRANZ,

               Defendants.

AIKEN, District Judge.

Self-represented Plaintiff Charles Alexander Warfield IV seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the application proceed IFP is GRANTED but the Complaint, ECF No. 1, is DISMISSED with leave to amend but without service on Defendant.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

Page 1 – OPINION & ORDER

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED.

The Complaint in this case is difficult to parse. It appears that Plaintiff is asserting that he is the distant descendant of "Dr. Charles Alexander Warfield" and the heir to an intestate estate from 1813. Plaintiff has submitted a name change order from the Lane County Circuit Court changing his name from Maynard George Bart to Charles Alexander Warfield. Plaintiff appears to be asserting that there is some defect in land surveys. Plaintiff has submitted a copy of a criminal trespass complaint against him in Eugene municipal court under the name Maynard George Bart. Plaintiff seeks to have the Court void an 1851 land survey; recognize "the 1813 Allodial Root as the senior title to the Willamette Corridor and Section 85 Overflow,"; and hold "Defendants liable for depriving Plaintiff of property rights by forcing him to answer to the dissolved 'Maynard Bart' wrapper," which Plaintiff appears to assert is a claim under 42 U.S.C. § 1983 for "personage." Compl. 2. Plaintiff has submitted a series of mostly-illegible scans of historical documents.

The Court is unable to discern any viable claim from these allegations. To the extent that Plaintiff is seeking to correct the use of his former name in his municipal prosecution, that issue should be addressed to the municipal court. The Court notes that the municipal court prosecution was initiated shortly after the date of Plaintiff's name change and the Court is unable to discern any federal claim arising from the use of the former name. The Court is similarly unable to discern any federal claim based on Plaintiff's allegations concerning the land survey.

The Complaint fails to state a claim and must be dismissed. Because Plaintiff is self-represented, the Court will dismiss with leave to amend. In preparing the amended complaint, Plaintiff should explain, in plain and concise language, the precise nature of his claims and the facts supporting those claims.

## CONCLUSION

For the reasons set forth above, Plaintiff's Application for Leave to Proceed IFP, ECF No. 2, is GRANTED, but the Complaint, ECF No. 1, is DISMISSED without service on Defendants.

Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is further advised that failure to file an amended complaint within the allotted time will result in a judgment of dismissal without further notice.

It is so ORDERED and DATED this ____28th____ day of April 2026.

 /s/Ann Aiken
ANN AIKEN
United States District Judge

Page 4 –OPINION & ORDER