IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHARLES ALEXANDER WARFIELD IV,                Civ. No. 6:26-cv-00815-AA

               Plaintiff,               **OPINION & ORDER**

      v.

CITY OF EUGNE; CITY OF SPRINGFIELD;
LANE COUNTY,

               Defendants.

_____

AIKEN, District Judge.

On April 28, 2026, the Court granted Plaintiff's application to proceed IFP and dismissed the original Complaint with leave to amend for failure to state a claim. ECF No. 5. Plaintiff has timely filed an Amended Complaint. ECF No. 6. For the reasons set forth below, the Amended Complaint is dismissed without further leave to amend.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations.  First, a court must determine whether the litigant is unable to pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The court is not required to accept legal conclusions, unsupported by alleged facts, as true.  *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

As noted, Plaintiff has timely submitted an Amended Complaint. ECF No. 6. In the Amended Complaint, Plaintiff alleges that an 1851 survey identified certain lands as "Overflow" and "Unsettled," and that this classification has never been superseded, but those lands have been incorporated into Lane County, the City of Eugene, and the City of Springfield with "modern tax lots and municipal grids." Am. Compl. 4. Plaintiff alleges that that "[b]y asserting municipal authority over land held in the 1813 allodial root, Defendants have created a cloud on the title and are actively depriving the Plaintiff of his inherited property rights and the 'Riparian Shield' protections established by the original federal survey marker." *Id.* Plaintiff seeks an injunction "preventing Defendants from further harm, including the assessment of taxes or the enforcement of municipal ordinances upon the Allodial Estate." *Id.* From this, read together with the original Complaint, it appears that Plaintiff is claiming ownership of land held by the County and the City Defendants based on an "allodial title" dating to 1813.

"Allodial title creates absolute ownership in the title holder, free and clear of any lien, mortgage, rent, service, property tax obligation, or other encumbrance."

*United States v. Miljus*, Civil No. 06-1832-PK, 2007 WL 4287608, at \*3 (D. Or. Dec. 3, 2007). However, "the concept of allodial title to land is an archaic concept not recognized in the modern United States" and no American state or federal court "has ever acknowledged allodial ownership of any property other than by the United States itself." *Reutov v. Am. Home Mortgage Acceptance Inc.*, Case No. 3:23-cv-01172-JR, 2024 WL 232315, at \*4 (D. Or. Jan. 22, 2024) (internal quotation marks and citation omitted, alterations normalized); *see also Miljus*, 2007 WL 4287608, at \*5 ("Neither the federal nor the Oregon Constitution establishes any right to allodial ownership of land.  No Oregon case recognizes that property owners other than the United States may hold allodial title to land.").  Courts "that have considered these types of claims in other cases have uniformly rejected them, with most courts deeming the claims frivolous." *Reutov*, 2024 WL 232315, at \*4 (internal quotation marks and citation omitted, alterations normalized).  A "purported allodial title and land patent does not constitute competent proof of . . . ownership of the disputed property." *Id.* (internal quotation marks and citation omitted, alterations normalized); *see also Miljus*, 2007 WL 4287608, at \*5 (finding that no Oregon court, or "court of any other American jurisdiction" would acknowledge or respect any claim to allodial ownership of land).

The Court concludes that Plaintiff's purported claim to an allodial estate in the land is entirely frivolous.  Plaintiff's claims and requested relief are dependent on his assertion of an allodial estate in land and so fail.  Plaintiff's claims are once again

Page 4 –OPINION & ORDER

dismissed.  Because this defect, frivolity, cannot be remedied by further amendment, dismissal is without leave to amend.

## CONCLUSION

For the reasons set forth above, the Amended Complaint is DISMISSED without further leave to amend.  Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____30th____ day of April 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge

Page 5 –OPINION & ORDER